Samuel M. Gold, J.
Application by a corporation [Silas Rieger Co., Inc.] and an individual doing business as a company [Silas Rieger Company] to stay arbitration proceedings. The arbitration was commenced by the buyer of certain goods — now claimed defective — against the two moving parties and an Italian textile manufacturer. Petitioners here claim that the Italian concern was the seller of the merchandise — a disclosed principal; that the corporation was the selling agent; and that the company was not connected with the transaction. Petitioners further contend that the selling agent for a disclosed principal is not subject to an arbitration agreement made by the corporation for its disclosed principal. The acceptable documentary evidence submitted does not fully support these allegations. The arbitration agreement was contained on an order form sent to respondent and prepared by petitioners or their agents. It became effective when respondent accepted goods in conformity with the order. The said form, however, clearly stated that the corporation was the seller and that the company was its selling agent. The name of the Italian manufacturer did not appear thereon. Nor may statements now concerning an alleged error in making out the form or as to the buyer’s purported knowledge of the Italian firm as the real seller serve to alter the unequivocal terms of the written agreement, which itself contains the statement that such terms may not be orally altered, but only in a writing signed by the parties. Accordingly, it was the corporation as seller, for the purposes of this application, which entered into the arbitration agreement with the buyer, and the arbitration may properly proceed against it. The argument that the seller alone, under the terms of the agreement, has the choice of one of three arbitration forums, may not defeat the arbitration since buyer afforded all opposing parties ample opportunity to select such forum before selecting one itself. The failure or refusal to make such selection was not meant to delay the arbitration procedures interminably and, in effect, to deny arbitration where it was agreed upon.
As to the selling agent, however, the contract, without qualification, disclosed the corporation as the principal and the company merely as the sales agency. Therefore, even if it is considered that the company entered into the agreement with the buyer, it did so solely on behalf of its disclosed principal and, therefore, may not be personally liable on the contract or a proper subject for arbitration thereon (Hall v. Lauderdale, 46 N. Y. 70, 75; Matter of Eimco, 6 Misc 2d 422, 426). The initials, on the order-form agreement, of a salesman who acted for both *361 the corporation and the company did not serve to bind the company to an agreement made by or in behalf of the corporate seller.
For the reasons stated, the motion is granted as to the individual doing business as a company and is otherwise denied.