NEDERLANDSE ERTS–TANKER-SMAATSCHAPPIJ, N.V.,
Plaintiff-Appellant,

v.

ISBRANDTSEN COMPANY, Inc. and Jacob Isbrandtsen, Defendants-Appellees.

No. 122, Docket 28970.

United States Court of Appeals Second Circuit.

Argued Oct. 30, 1964.

Decided Dec. 18, 1964.

Clement C. Rinehart, New York City (Kirlin, Campbell & Keating, New York City), for appellant.

Leonard S. Leaman, New York City (Lord, Day & Lord, New York City), for appellee Isbrandtsen Co., Inc.

Bernard B. Polak, New York City (Lotterman & Weiser, Joseph Lotterman, New York City, of counsel), for appellee Jacob Isbrandtsen.

Before LUMBARD, Chief Judge, and HAYS and MARSHALL, Circuit Judges.

HAYS, Circuit Judge:

This action was brought on an alleged contract of guaranty by defendants of performance of a charter party between plaintiffs and a third party, Canadian Foreign Steamship Company, Ltd.

The charter party contains a clause providing for arbitration of "any and all differences and disputes of whatsoever nature arising out of this Charter." Plaintiff claiming that Canadian Foreign has failed to pay the agreed upon charter hire, has instituted arbitration proceedings against Canadian Foreign.

In the district court the defendants moved for a stay pending arbitration and the motion was granted under Section 3 of the United States Arbitration Act, 9 U.S.C. § 3 (1958).[1]

■ Granting of the stay cannot be justified under the terms of the Arbitration Act. Defendants are not parties to the arbitration agreement. The issues of the present action are not referable to arbitration between the parties.

■■ However, the district court had inherent power to grant the requested stay. While the power to stay has ordinarily been exercised in situations in which another proceeding was pending in the state courts, see, e. g., Milk Drivers Union v. Dairymen's League Co-op. Ass'n, 304 F.2d 913 (2d Cir. 1962); Mottolese v. Kaufman, 176 F.2d 301 (2d Cir. 1949), a stay may also be appropriate where the pending proceeding is an arbitration in which issues involved in the case may be determined.

The conditions under which such a stay may be granted were stated by Mr. Justice Cardozo:

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.

1. "Stay of proceedings where issue therein referable to arbitration.

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

442

How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. * * * True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in. rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." Landis v. North Am. Co., 299 U.S. 248, 254–255, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936).

■■ The plaintiff points out that the arbitration between Canadian Foreign and the plaintiff, which is taking place in London pursuant to a provision in the charter, was instituted in October, 1963. It further asserts that it has made little progress and that it may be some time before it is concluded. The defendants have the burden of establishing that a stay is warranted. Without attempting to list all relevant factors, we point out that the defendants should demonstrate to the satisfaction of the court that they have not taken nor will take any steps to hamper the progress of the arbitration proceeding,[2] that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship.

Moreover, if after further consideration, the district court does grant a stay, its order should expressly provide that the plaintiff may move to vacate the stay if the arbitration proceedings have not been concluded after a stated and limited period of time.

We remand the case to the district court for reconsideration of whether a stay should be granted under the rules which we have set forth. The district court will dispose of plaintiff's cross-motion to require an answer in accordance with the decision on the granting of a stay.

2. Plaintiff alleges in its complaint that Canforship may be a subsidiary of the corporate defendant. If this is found to be so, or if the defendants are found to have other influence with or control over Canforship, the defendants should be required to give suitable assurance that they have done and will continue to do all in their power to see that Canforship proceeds with the arbitration with dispatch as a condition of the court's granting a stay.