■ SPECIAL SECTIONS, INC., Appellant, v. RAPPAPORT COMPANY, INC., et al., Respondents.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, Sullivan County, which granted reargument of plaintiff's motion for summary judgment against both defendants and, upon reargument, vacated a previous order which had granted summary judgment against the individual defendant, Charles Rappaport. An agent who contracts with a third party without disclosing both the fact of his agency and the identity of the person for whom he acts is personally liable on the contract (2 N. Y. Jur., Agency, § 311; 3 C. J. S., Agency, § 216). It is not sufficient merely that the third party had means of knowing of the agency situation. Actual knowledge is required (*Ell Dee Clothing Co.* v. *Marsh*, 247 N. Y. 392; *Stockholm* v. *All Transp.*, 1 Misc 2d 949). The factual situation revealed by the record before us, however, does not admit of an interpretation which would allow plaintiff to avail itself of these principles. On the contrary, a reading of the affidavits of the parties reveals the existence of factual issues involving not only plain-

tiff's knowledge of the representative capacity in which Charles Rappaport was acting but, furthermore, and, contrary to plaintiff's contention, the issue of damages is not definitely resolved. The need for a full exploration of these issues mandates that a trial be held. Additionally, since it does not appear that any prejudice will result, plaintiff should be allowed to cure its inadvertent omission in the computation of the value of the goods sold by increasing the amount demanded in its complaint from $5,965.66 to $6,796.41. Order affirmed, with leave to plaintiff to amend its complaint so as to increase the amount of damages sought, without costs. Gibson, P. J., Herlihy, Reynolds and Taylor, JJ., concur.