**Sandy BECK, Petitioner,**

v.

**SURO TEXTILES, LTD., Respondent.**

**No. 84 Civ. 6206 (JES).**

United States District Court,
S.D. New York.

July 15, 1985.

Kreindler & Relkin, P.C., New York City, for petitioner; Kenneth A. Schulman, Bruce S. Nathan, Lori B. Cohen, New York City, of counsel.

Levy, Sonet & Siegel, New York City, for respondent; Alan M. Siegel, Stephen B. Schulman, New York City, of counsel.

OPINION AND ORDER

SPRIZZO, District Judge:

Petitioner Sandy Beck seeks to stay an arbitration sought by respondent Suro Textiles Ltd. ("Suro"). Beck contends that he may not properly be compelled to arbitrate because he did not sign and was not a party to the arbitration agreement, which he alleges was between his corporate entity, It's My Turn, Inc., and the respondent. In sum, he concedes an obligation to arbitrate on behalf of the corporate entity, but denies an obligation to arbitrate personally. *See* Petition in Support of Application to Stay Arbitration ("Petition") at ¶ 7.

Suro argues that petitioner was in fact a proper party to the arbitration agreement. In so doing, respondent relies upon the purchase orders in issue. *See* Exhibit A to Answering Affidavit in Opposition to the

Order to Show Cause to Stay Arbitration ("Answering Affidavit"). Respondent maintains that petitioner signed at least one purchase order personally, *see id.*, and did not therein indicate that he was signing as an agent for any corporate entity. In further support of its contention, Suro refers to a letter dated April 13, 1984, addressed to Suro, and signed by Sandy Beck. This letter contains no indication that it was executed by Beck as an agent for or on behalf of the corporate entity. *See* Exhibit D to Answering Affidavit.

■ Where a contract is signed by an agent who does not indicate therein that he is signing as an agent on behalf of a disclosed principal, the agent is deemed to be contracting on his own behalf. *See, e.g., Orient Mid-East Lines v. Albert E. Bowen, Inc.,* 458 F.2d 572, 575–76 (2d Cir.1972); *Special Sections, Inc. v. Rappaport Co.,* 25 A.D.2d 896, 896, 269 N.Y.S.2d 319, 319 (3d Dep't.1966); *Unger v. Travel Arrangements, Inc.,* 25 A.D.2d 40, 47, 266 N.Y.S.2d 715, 722 (1st Dep't. 1966); *see also* Restatement (Second) of Agency §§ 4, 321, 322 (1957).

■ Here, all three purchase orders contained the arbitration agreement. One of those purchase orders was signed by Sandy Beck, with no indication that he was executing the document on behalf of the corporate entity. *See* Exhibit A to Answering Affidavit (Purchase Order dated "1/25/84"). Neither of the other two purchase orders contains any indication that it was signed by Beck as an agent. *See id.* (unsigned Purchase Orders dated "2/29/84" and "4/9/84"). The documents do not therefore support petitioner's claim that he is not bound by the arbitration agreement contained in the purchase order which he signed. *See In Re Rieger,* 34 Misc.2d 359, 228 N.Y.S.2d 242 (Sup.Ct. 1962). Moreover, although Sandy Beck has submitted affidavits dealing with the facts

surrounding the incorporation of It's My Turn, Inc., *see* Exhibit B to Petition, he has not by affidavit supported his claim that he signed the purchase orders as an agent. This failure is especially significant since the documents submitted to the Court clearly demonstrate that It's My Turn, which is the name appearing on those purchase orders along with the name of the petitioner,[1] is a trade name under which Sandy Beck has done business. *See* Exhibit B to Answering Affidavit.

It follows that since petitioner has failed to demonstrate that he is not bound by the arbitration agreement he signed, his application to stay arbitration must be denied.

It is SO ORDERED.

---

**1.** The Purchase Order dated "1/25/84" refers to "It's My Turn/Sandy Beck" as the purchaser. The Purchase Order dated "2/29/84" refers to "Sandy Beck/It's My Turn" as the purchaser. The Purchase Order dated "4/9/84" lists "Sandy Beck & Associates" and "It's My Turn" as the purchaser(s) under the same heading, "Sold To," which denotes the purchasers in the other two Purchase Orders. *See* Exhibit A to Answering Affidavit.