**HIKERS INDUSTRIES, INC., Plaintiff,**

v.

**WILLIAM STUART INDUSTRIES (FAR EAST) LTD. and Marshalls, Inc., Defendants.**

**No. 85 Civ. 7673 (DNE).**

United States District Court, S.D. New York.

July 23, 1986.

Demov, Morris & Hammerling, New York City (Stephen M. Rathkopf and Marshall Fishman, of counsel), for plaintiff.

Butler, Fitzgerald & Potter, New York City (Stuart Potter and James H. Neale, of counsel), for defendant Marshalls, Inc.

## OPINION AND ORDER

EDELSTEIN, District Judge:

This is an action for Trademark infringement arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and § 368 of New York's General Business Law. Plaintiff also alleges common law causes of action. Defendant Marshalls, Inc. ("Marshalls") has moved pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the first five causes of action. *See infra.* Alternatively, Marshalls has moved, pursuant to the Arbitration Act, 9 U.S.C. § 3, and the inherent power of this Court to control the disposition of the cases on its docket, for a stay of all proceedings against Marshalls pending the conclusion of an arbitration between Hikers Industries, Inc. ("Hikers") and defendant William Stuart Industries (Far East) Ltd. ("WSI").

The motion is granted insofar as it seeks to stay this action pending the arbitration between Hikers and WSI. This stay will be vacated, however, if the arbitration proceedings are not completed by December 16, 1986. The court reserves judgment on the motion to dismiss causes of action one through five until either the arbitrators render a decision or until the stay is lifted after December 16, 1986, whichever is earlier.

## BACKGROUND

Plaintiff Hikers imports and sells fine menswear to retail merchants throughout the United States for resale to the general public. Defendant WSI manufactures, designs, and sells menswear to retail merchants throughout the United States for resale to the general public. Defendant Marshalls, through its stores, sells menswear to the public throughout the United States.

Defendant WSI is a licensee of the "Givenchy Monsieur" trademark (the "Trademark")[1]. Plaintiff alleges that WSI, by contract dated October 15, 1984 (the "License Agreement") gave an exclusive sub-license of the Trademark to plaintiff for plaintiff's use in connection with the manufacture and sale of men's big and tall sized clothing. Thereafter WSI allegedly sold men's big and tall sized clothing bearing the Trademark to Marshalls for resale in an area for which plaintiff had the exclusive sub-license. Plaintiff alleges that Marshalls purchased these goods from WSI with full knowledge of plaintiff's exclusive rights with respect to the Trademark. Accordingly, Hikers instituted this action against both WSI and Marshalls. The causes of action relevant to this dispute are:

| Claim | Nature of Claim | Defendant |
|---|---|---|
| First | Trademark infringement pursuant to 15 U.S.C. § 1114 | Marshalls |
| Second | False designation pursuant to 15 U.S.C. § 1125 | Marshalls and WSI |
| Third | Common law unfair competition | Marshalls and WSI |
| Fourth | Trademark infringement pursuant to N.Y.Gen. Bus.L. § 368–b | Marshalls |
| Fifth | Dilution of trademark rights pursuant to N.Y.Gen.Bus.L. § 368–d | Marshalls |

Paragraph 12 of the License Agreement entered into between Hikers and WSI contains an arbitration clause which provides:

(a) Any and all disputes, controversies and claims arising out of or relating to this Agreement, or with respect to the interpretation of this Agreement ... shall be settled and determined by arbitration in New York City, New York, pursuant to the then existing rules of the American Arbitration Association for commercial arbitration.... The arbitration award shall be final and binding

---

1. Givenchy, S.A. (a French corporation), Givenchy Gentleman S.A.R.L. (a French corporation), Givenchy Enterprises, Ltd. (a New York corporation), and Hubert de Givenchy (a resident of France), have adopted and used the Trademark in commerce and interstate commerce, and have enjoyed substantial success in the sale of fine menswear bearing the Trademark and/or the Givenchy name. The Trademark and the Givenchy name are known throughout the world in connection with creative designing and products of the highest quality in various fields of fashion. *See* Complaint p. 3 at ¶ 11.

upon the parties and judgment thereon may be entered in the courts of the State of New York and the United States federal courts in said State, and the parties hereby consent to the jurisdiction of such courts for such purposes.

Plaintiff and WSI executed a stipulation providing that on or prior to December 29, 1985, WSI would submit plaintiff's claims against WSI to binding arbitration and that, during the pendency of the arbitration proceeding, all of the plaintiff's claims against WSI in this action shall be stayed. Affidavit of James H. Neale, attorney for WSI, sworn to December 16, 1985. The arbitration was originally scheduled for May 20, 1986. Letter of Marshall H. Fishman, attorney for Hikers, dated June 27, 1986. By letter dated May 15, 1986, WSI's counsel requested the American Arbitration Association to adjourn the arbitration. The Arbitration Association granted WSI's request and has rescheduled the arbitration for September 16, 1986. *Id.*

Marshalls now moves to dismiss the Lanham Act, unfair competition, and state law trademark claims asserted by Hikers against it. Alternatively, Marshalls seeks to stay this action pending the arbitration between WSI and Hikers.

## DISCUSSION

██ Marshalls is not a party to the arbitration between WSI and Hikers. Although a stay of this action vis-a-vis Marshalls cannot be sustained under 9 U.S.C. § 3 because of the nonidentity of the parties in the two proceedings, *Lawson Fabrics, Inc. v. Akzona, Inc.*, 355 F.Supp. 1146, 1151 (S.D.N.Y.), *aff'd memo,* 486 F.2d 1394 (2d Cir.1973), "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket, with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North America Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936); *accord Law-*

*son Fabrics,* 355 F.Supp. at 1151. Because plaintiff's claims against Marshalls and WSI involve common issues of fact and law, and because plaintiff's claims against Marshalls are based upon claimed rights which are to be determined in plaintiff's pending arbitration with WSI, the action should be stayed as to both WSI and Marshalls, *Lawson Fabrics,* 355 F.Supp. at 1151; *see, e.g., Rhone Mediterranee Compagnia Francese v. Lauro,* 555 F.Supp. 481, 486 (D.V.I.1982), *aff'd,* 712 F.2d 50 (3d Cir.1983); *Dale Metals Corp. v. Kiwa Chemical Industry Co.,* 442 F.Supp. 78, 81–82 (S.D.N.Y.1977).

Those claims against Marshalls which Marshalls seeks to have dismissed involve issues that will be addressed and presumably resolved in the arbitration proceeding between plaintiff and WSI. Plaintiff's claims against Marshalls are derivative of plaintiff's claims against WSI. At the heart of the claims against WSI are issues concerning the nature and extent of the rights, if any, that plaintiff acquired in the Trademark under its License Agreement with WSI, and whether such rights, if any, were violated by WSI's sales of trademarked items to Marshalls for resale to the general public. The decision of the arbitrators will be helpful in deciding the issues in this case. Thus, if the arbitrators find that plaintiff's rights were not violated by WSI in its sales to Marshalls, then plaintiff's rights were not violated by Marshalls with respect to the first five claims brought against it.[2] On the other hand, if the arbitrators find that WSI infringed plaintiff's rights in the trademark, then the issue regarding Marshalls would be greatly simplified. The issue would then become whether Marshalls had knowledge that Hikers possessed the exclusive rights to sell the products bearing the Trademark when Marshalls sold the products.

The basis of plaintiff's opposition to a stay of its claims against Marshalls is that those claims may involve two issues that

---

**2.** This assumes that the court agrees with the arbitrators' findings. This court, of course, is not bound by the arbitrators' decision.

"will not necessarily be addressed" in the arbitration between plaintiff and WSI. These issues are whether Marshalls purchased any "infringing goods" from sources other than WSI [3], and whether the damages, if any, for which Marshalls may be liable will differ from the damages, if any, which may be payable by WSI.

■ This is not sufficient to deny a stay in this case. All of plaintiff's claims against Marshalls need not be addressed in the arbitration between plaintiff and WSI to support a stay of the entire action. A stay as to claims against a non-arbitrating defendant is properly granted where the arbitration of the plaintiff's claims against a defendant party to the arbitration would at least partially determine the issues which form the basis of the claim against that non-arbitrating defendant. *Lawson Fabrics*, 355 F.Supp. at 1151.

Many federal courts have granted stays as to entire actions in which arbitrations involving less than all defendants were likely to dispose of issues common to claims against both arbitrating and non-arbitrating defendants. For example, in *Dale Metals Corp.*, 442 F.Supp. at 81–82, the court stayed an action involving two plaintiffs and four defendants, pending the outcome of an arbitration in Japan between one of the plaintiffs and one of the defendants. The court stated that every issue would be vigorously pressed in the arbitration proceeding so that a stay was appropriate even though it affected those who were not parties to the arbitration. *Id.* at 81; *accord Rhone Mediterranee*, 555 F.Supp. at 486 (claims against arbitrating and non-arbitrating defendants based on same operative facts; stay granted as to all defendants); *see, e.g., American Home Assurance Co. v. Vecco Concrete Construction Co. of Virginia*, 629 F.2d 961, 964 (4th Cir.1980); *Al-Haddad Bros. Enterprises, Inc. v. M.S. Agapi*, 551 F.Supp. 956, 960 (D.Del.1982); *Societe Nationale Pour La*

*Recherche, Etc. v. General Tire and Rubber Co.*, 430 F.Supp. 1332, 1334 (S.D.N.Y. 1977).

These courts point to the policy considerations of judicial economy and avoidance of confusion and possible inconsistent results in support of granting a stay where common questions of law and fact are likely to be determined in the arbitration. *American Home Assurance Co.*, 629 F.2d at 964; *see Al-Haddad Bros. Enterprises*, 551 F.Supp. at 960 (all claims against non-arbitrating defendant stayed even though those claims depended on different facts and theories of recovery than did the claims that would be arbitrated, noting that the arbitration would serve the interests of judicial economy by fixing the total amount, if any, of plaintiff's compensable loss); *Societe Nationale*, 430 F.Supp. at 1334 (Because of judicial economy considerations, claims charging one defendant with tortious interference with contract should be stayed pending an arbitration before the International Chamber of Commerce of plaintiff's claims charging another defendant with the contract breach that the non-arbitrating defendant had allegedly induced). In addition, if the proceedings are stayed, judicial resources would be saved if the parties agree that the evidence taken in the arbitration can be used in the later trial in federal court. *Id.* Because the facts and issues would be substantially similar in both proceedings, making substantial duplication of effort inevitable, sound judicial administration dictates that a complete stay is entirely justified.

Besides judicial economy and the desirability of avoiding confusion and possible inconsistent results militating in favor of a stay, two other considerations also dictate that a stay is appropriate. First, the arbitration will provide the court with insight into the issues of law and fact. Second, any decisions by this court on the merits of

---

**3.** According to the Reply Affidavit of Arlene Kesselbaum, Marshalls' regional buyer, sworn to January 9, 1986, the only goods meeting the description in the License Agreement that Marshalls purchased since January 1, 1986, were purchased from WSI. Plaintiff has not presented any affidavit to the contrary. Even should plaintiff's conclusory statement be true, a stay would still be appropriate.

the claims against Marshalls would thwart the federal policy in favor of arbitration of disputes by rendering the arbitrator's interpretation of the License Agreement meaningless. *See Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679, 681 (5th Cir.1976); *Rhone Mediterranee*, 555 F.Supp. at 486; *Lawson Fabrics*, 355 F.Supp. at 1151. Hikers will not be permitted to interfere with the arbitration of the issues regarding its interest in the Trademark simply by adding Marshalls as a party. *Id.* Furthermore, the court will not permit plaintiff to employ federal discovery procedures against Marshalls in aid of its arbitration against WSI. *See Societe Nationale*, 430 F.Supp. at 1334–35.

■ To ensure that the parties are not prejudiced by an unreasonable delay in the arbitration, the stay will be lifted if the arbitration is not completed within six months from the date of this Opinion. *Nederlandse-Erts-Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440, 442 (2d Cir.1964); *see Societe Nationale*, 430 F.Supp. at 1335. Further, if Marshalls takes any unreasonable action to hinder the arbitration proceedings, plaintiff may move to vacate the stay.[4] *Lawson Fabrics*, 355 F.Supp. at 1150–51. These conditions will also ensure that the arbitration will be concluded within a reasonable time. *See id.* Plaintiff is to inform the court of the progress of the arbitration on October 17, 1986.

## CONCLUSION

Marshalls' motion for a stay pending arbitration between Hikers and WSI is granted. This stay will be vacated if the arbitration proceedings are not completed by December 16, 1986. The court reserves judgment on the motion to dismiss the first five causes of action until either the results of the arbitration are known, or December 16, 1986, whichever is earlier.

SO ORDERED.

4. Similarly, delay by the plaintiff in proceeding with the arbitration will not be tolerated. No problems are anticipated, however, because it is in the plaintiff's power and best interest to actively and expeditiously pursue its arbitration proceedings with WSI.