**COSMOTEK MUMESSILLIK
VE TICARET LIMITED
SIRKKETI**

v.

**COSMOTEK USA, INC., and Advanced
Power Systems International, Inc.**

**Civ. No. 3:95CV1390(PCD).**

United States District Court,
D. Connecticut.

Aug. 2, 1996.

Francis A. Miniter, Miniter & Associates, Hartford, CT, for Plaintiff.

William O. Riiska, Winsted, CT, for Defendants.

## RULING ON MOTION TO STAY

DORSEY, Chief Judge.

Defendants move to stay this proceeding pursuant to the Federal Arbitration Act (FAA) 9 U.S.C. § 3. Defendants claim that their contract requires the parties to arbitrate. Plaintiff opposes, asserting that Advanced Power Systems International, Inc. (APSI) cannot be compelled to arbitrate because it was not a party to the contract.

### I. BACKGROUND

Cosmotek USA (USA), and Cosmotek Mumessillik ve Ticaret Limited Sirkketi (Turkey), entered into an agreement (contract) whereby Turkey became USA's distributor and sales representative for the sale of Fitch Catalyst units (units). The units were manufactured by APSI who was neither a signatory nor a party to the contract.

The contract provides that it shall be construed in accordance with the laws of New York and any dispute arising under the contract shall be resolved by final and binding arbitration. (Def.'s Ex. A at 7).

### II. DISCUSSION

#### A. Federal Arbitration Act

Defendants assert that the FAA governs enforceability of the arbitration clause. Plaintiff argues that APSI's presence, as non-party to the contract, mandates deference to the choice of state law provision.

 Enforceability of an arbitration agreement is determined pursuant to the FAA if "(1) the parties have entered into a written arbitration agreement,[1] (2) there exists an independent basis for federal jurisdiction, and (3) the underlying transaction involves interstate commerce."[2] In re Chung, 943 F.2d 225, 229 (2d Cir.1991); General Textile Printing v. Expromtorg Int'l Corp., 891 F.Supp. 946, 954 (S.D.N.Y.1995). A contract choice of law clause defines the rights and duties of the parties in accordance with the chosen state law. However, the arbitration clause subjects the duty to arbitrate to

the FAA. See Mastrobuono v. Shearson Lehman Hutton, Inc., —— U.S. ——, ——, 115 S.Ct. 1212, 1219, 131 L.Ed.2d 76 (1995).

The FAA governs enforcement of the arbitration clause as to USA as the conditions precedent to FAA applicability are all present. See Barbier v. Shearson Lehman Hutton, Inc., 948 F.2d 117, 120 (2d Cir.1991); Merrill Lynch, Pierce, Fenner & Smith v. Shaddock, 822 F.Supp. 125, 132 (S.D.N.Y. 1993).

 Plaintiff argues that its claims are against both defendants and should be heard together, in federal court, notwithstanding the applicability of the FAA to its claims against USA, because APSI cannot be forced to arbitrate.

 Arbitration agreements are "valid, irrevocable, and enforceable" absent any grounds for revocation. 9 U.S.C. § 2. District courts have no discretion to excuse a party from arbitration regarding issues covered by a written arbitration agreement. Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985). An arbitration agreement must be enforced "notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." Moses H. Cone Memorial Hosp. v. Mercury Constr., 460 U.S. 1, 20, 103 S.Ct. 927, 939, 74 L.Ed.2d 765 (1983). Plaintiffs cannot avoid the arbitration for which they had contracted simply by adding a nonsignatory defendant, lest the efficacy of contracts and the federal policy favoring arbitration be defeated. Lawson Fabrics, Inc. v. Akzona, Inc., 355 F.Supp. 1146, 1151 (S.D.N.Y.1973) (quoting Hilti, Inc. v. Oldach, 392 F.2d 368, 369 n. 2 (1st Cir.1968)). Defendants' motion to stay is granted as to USA.

 APSI, on the other hand, is not a party to the contract and is mentioned in it only as the manufacturer. The failure to satisfy the first prong of the Chung test

---

1. The FAA defines a written arbitration agreement as "[a] written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction...." 9 U.S.C. § 2 (1994).

2. The FAA defines "commerce" as "commerce ... with foreign nations...." 9 U.S.C. § 1 (1994).

precludes application of the FAA to plaintiff's claims against APSI.

## B. *Binding a Nonsignatory to an Arbitration Agreement*

While a party cannot be forced to arbitrate a dispute, absent an agreement to do so, five circumstances have been delineated in which a nonsignatory may be bound to an arbitration agreement: incorporation by reference, assumption, veil-piercing alter ego, estoppel, and agency. *Thomson–CSF, S.A. v. American Arbitration Ass'n,* 64 F.3d 773, 776 (2d Cir.1995). Neither alleged facts nor presented evidence to support the first four.[3]

However, plaintiff asserts that USA contracted as APSI's agent holding itself out as APSI's fully disclosed agent. Defendants neither concede this assertion, nor do they expressly contest it. There is no mention in the contract of any agency relationship between USA and APSI, and USA executed the contract in its own name with no indication it was acting as APSI's agent. In fact, APSI is not mentioned in the contract other than being identified as the manufacturer/marketer of the Units.

A nonsignatory to an arbitration agreement may be bound by an agreement under principles of agency law. *Thomson–CSF, S.A.,* 64 F.3d at 777. An agent who signs a contract on behalf of a disclosed principal will not be individually bound absent explicit evidence of the agent's intention to bind himself instead of or as well as the principal. *Lerner v. Amalgamated Clothing & Textile Workers Union,* 938 F.2d 2, 5 (2d Cir.1991). When an agent signs a contract and does not indicate in the contract that he is signing on behalf of a disclosed principal, as its agent, "the agent is deemed to be acting on his own behalf." *Beck v. Suro Textiles, Ltd.,* 612 F.Supp. 1193, 1194 (S.D.N.Y.1985) (citing *Unger v. Travel Arrangements, Inc.,* 25 A.D.2d 40, 266 N.Y.S.2d 715 (1966); *Special Sections, Inc. v. Rappa-*

port Co., 25 A.D.2d 896, 269 N.Y.S.2d 319 (1966)). Additionally, "an agent whose agency is not disclosed in the instrument cannot introduce evidence to show that he is not a party [to the instrument], except for the purpose of reformation." Restatement (Second) of Agency § 155, comment d (1958).

## C. *APSI's Motion to Stay*

Since APSI is not bound by the arbitration agreement, its requested stay does not fall within the purview of the FAA. It is governed by the court's inherent power to "control the disposition of the causes on its docket." *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936); *Sierra Rutile Ltd. v. Katz,* 937 F.2d 743, 750 (2nd Cir.1991). Such a decision is left to the court's discretion. *Moses H. Cone Memorial Hosp.,* 460 U.S. at 19–21, 103 S.Ct. at 939. A stay may be appropriate where issues involved may be determined in arbitration. *Id.* (quoting *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.,* 339 F.2d 440, 441 (2d Cir.1964)).

Accordingly, the primary questions are (1) whether there are common issues in the arbitration and the court proceeding, and (2) if so, whether those issues will be finally determined by the arbitration. *American Shipping Line v. Massan Shipping Indus.,* 885 F.Supp. 499, 502 (S.D.N.Y.1995). If the answer to both questions is in the affirmative, the movant must then bear the heavy burden of showing that "the nonarbitrating party will not hinder the arbitration, that the arbitration will be resolved within a reasonable time, and that such delay that may occur will not cause undue hardship to the parties." *American Shipping Line,* 885 F.Supp. at 502 (citing *Sierra Rutile Ltd.,* 937 F.2d at 750); *Nederlandse,* 339 F.2d at 442. A stay may not be granted, despite the existence of compelling reasons to grant it, if defendants have not shown that plaintiff would not undergo undue hardship from the resultant delay.[4]

---

**3.** Plaintiff argues that a nonsignatory may be bound to an arbitration agreement based on interrelatedness of the issues. The Second Circuit has expressly rejected this "hybrid" approach, characterizing it as an improper extension of the law of this Circuit. *Id.* at 776, 780.

**4.** Such hardship may include the danger that evidence supporting the nonarbitrable claim may grow stale, become unavailable, or be lost, particularly when the dispute is of an international nature. *Chang v. Lin,* 824 F.2d 219, 222 (2d

*See Sierra Rutile Ltd.,* 937 F.2d at 750; *American Shipping Line,* 885 F.Supp. at 503.

 Plaintiff's complaint alleges breach of purchase order, breach of express warranty, and breach of implied warranty against both defendants. There will undoubtedly be multiple common issues in the arbitration and the court proceedings. Pursuant to paragraph 11 of the Contract, the decision of the arbitrator "shall be final and binding" on Turkey and USA. The arbitration will inevitably determine whether defective Units were delivered and no replacements proffered, and "thus will at least partially determine the issues which form the basis of the claim" against APSI. *See Lawson Fabrics, Inc.,* 355 F.Supp. at 1151.

The heavy burden on defendants to show the necessity for the stay, *Sierra Rutile Ltd. v. Katz,* 937 F.2d 743, 750 (2d Cir.1991), has not clearly been met. Though the deficiency would normally result in the denial of a stay, it would appear that hindrance of the arbitration is unlikely and no undue, prejudicial delay will be caused plaintiff.

It is noted that APSI has moved for the stay for the purpose of permitting the dispute to be resolved by arbitration. It has thus put its imprimatur on arbitration and assuming its good faith in the promotion of arbitration as the resolving forum, it is also assumed that APSI is committed to the expeditious resolution of the matter as intended by arbitration. Additionally, APSI is represented by the same attorney who represents the party to the contract, thus a unified approach to the resolution of the plaintiff's claims appears to be the case. In fact the quality of the product is the crux of the dispute and plaintiff has claims against two parties based on essentially the same product deficiency. Thus it would not appear that plaintiff would suffer any hindrance or obstruction in an expeditious determination of its claims by a stay and relegation, at first blush, to arbitration.

One forum for the resolution would advance finalization of plaintiff's claims as it would foster cooperation and coordination of the resolution by the two parties from which plaintiff seeks to recover. It would be to plaintiff's advantage to have the matter in one forum as any disputes between the two targets of the claims can be resolved there as opposed to the need for plaintiff to litigate the claims twice, or be delayed while the two targets resolve any disputes between them as to the ultimate responsibility. By putting the two targets in one forum, their costs can be reduced, which would permit more resources to be applied to settling the claims with plaintiff. No delay would result to plaintiff. Indeed if counsel are conscientious, a faster resolution can be achieved in arbitration than would be the case in court in view of the present interval between filing and trial in court. From the nature of the case, there is nothing to suggest that plaintiff would otherwise be compromised such as by loss of evidence or witnesses.

To insure against the adverse risks to which plaintiff should not be subjected by a stay, a reporting schedule will be imposed to insure the court that the early hearing and decision which are the hallmark of arbitration are in fact afforded to plaintiff. Further, plaintiff is assured that should any of the factors required for a stay prove not to be the case, such as hindrance/obstruction by APSI or delay in obtaining a hearing/decision in arbitration, a request to vacate the stay can always be presented to the court and the matter revisited to insure plaintiff's untrammeled rights to a prompt resolution of its claims.

Accordingly the motion for a stay on behalf of APSI is granted, subject to the reporting as to the status of the matter, its progress in arbitration, the absence of any delay or hindrance/obstruction to its resolution in arbitration and an estimate of the time of its determination in arbitration on November 1, 1996 and each three months thereafter. Further plaintiff may, by motion, seek a revisiting of the propriety of the stay at any time in the face of hindrance/obstruction or prejudicial delay in an expeditious decision on its claims.

Cir.1987); *American Shipping Line,* 885 F.Supp. at 503.

### III. *CONCLUSION*

Defendants' motion for a stay pending arbitration (doc. # 6) is granted in accordance with this ruling.

SO ORDERED.