[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: APPLICATION FOR STAY OF OF DEFENDANTS BANQUE PARIBAS, U.S. TRUST CO. AND CHARLES BECKMAN SWANSON
For the following reasons, this Court hereby ORDERS that the motions to stay proceedings in the above-captioned case of defendants Paribas Corporation ("Paribas"), United States Trust Company of New York ("U.S. Trust") and Charles Beckman Swanson Architects ("CBSA") be DENIED WITHOUT PREJUDICE:
1. Each of the above-named defendants has moved this Court to stay all proceedings against it in the above-captioned case pending the conclusion of an ongoing arbitration proceeding between Intervenor Redding Life Care, LLC ("Redding") and plaintiff Sordoni Skanska Construction Company, Inc. ("Sordoni"). The Redding-Sordoni arbitration concerns a variety of issues arising from or relating to a Construction Management Agreement ("CMA") between them concerning a construction project known as Meadow Ridge. These motions were argued by the parties on December 19, 2001 and fully briefed in submissions filed with this Court on and before January 11, 2001.
2. As non-parties to the CMA between Redding and Sordoni, the moving defendants have no right to stay the claims now pending against them under either General Statutes § 52-470 or the Federal Arbitration Act, 9 U.S.C. § 3 or. Section 52-470 expressly limits the right to move for a stay thereunder to "any party to a written arbitration agreement." Similarly, federal courts have definitively established that the only persons entitled to mandatory stays under 9 U.S.C. § 3, are signatories to written arbitration agreements affecting interstate or international commerce. See, e.g., Citrus Marketing Bd. v. LauritzenA/S, 943 F.2d 220 (2d Cir. 1991); IDS Life Ins. Co. v. SunAmerican,Inc., 103 F.3d 524 (7th Cir. 1996).
3. In light of these authorities, the defendants have appropriately based their motions to stay on the inherent power of the court to control its own docket. This power has long been recognized by American courts, and is appropriately exercised to stay court proceedings where to do so will protect the right of a party to arbitrate claims or issues involved CT Page 7339-x both in the proceedings to be stayed and in a pending arbitration proceeding. See, e.g., Sierra Rutile, Ltd. v. Katz, 937 F.2d 743 (2d Cir. 1991). Where, in particular, the pending arbitration is one in which "issues involved in the case may be determined," NederlandseErts-Tankersmaatscheppij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964), the Court can stay the parallel court proceeding if a judgment in that proceeding could have preclusive effect upon the arbitrators deciding an arbitrable claim. The movant bears a "heavy burden" of showing necessity for the stay in light of such potential for issue preclusion. Sierra Rutile, supra. In addition, it must
 demonstrate to the satisfaction of the court that [it has] not taken nor will take any steps to hamper the progress of the arbitration proceeding, that the arbitration may be expected to conclude within a reasonable time, and that such delay as may occur will not work undue hardship.
Nederlandse Erts-Tankersmaatscheppij, N.V. v. Isbrandtsen Co., supra,339 F.2d at 442.
4. In this case, defendants Paribas, U.S. Trust and CBSA have moved to stay all proceedings against them in the above-captioned case on the theory that this case and the pending arbitration between Redding and Sordoni involve common issues of fact, some of which, though lawfully subject to arbitration under the Redding-Sordoni CMA, may be so determined here as to have preclusive effect on the arbitration if this case is not stayed. Though it is doubtless true that this case and the arbitration involve common issues of fact, the Court is not persuaded that any such issue will be so determined here as to have preclusive effect in the arbitration on any party other than Sordoni, which opposes the stay. Therefore, there is no compelling reason to stay these proceedings against the moving defendants because Sordoni, the only party that may lose its right to arbitrate an arbitrable issue if such an issue is first decided in this case, is fully prepared to accept that risk as a potential consequence of proceeding in parallel.
5. Even, however, if the Court could find that there were compelling reasons to stay all proceedings against the movants in this action pending completion of the arbitration, it has no basis on this record to believe that the arbitration will be completed within a reasonable time without prejudice to Sordoni. The pending arbitration has already lasted a very long time, with no current prospect of ending anytime soon. If it continues without substantial progress for a comparable period of time, as Sordoni has projected, the purpose of staying the proceeding — CT Page 7339-y to promote a fair and efficient adjudication by arbitration — will be fatally compromised. In short, the movants have failed to meet their heavy burden on this issue.
For these reasons, the defendants' motions for stay are DENIED WITHOUT PREJUDICE to resubmission if and when the movants are prepared to establish the essential facts entitling them to such relief.
It is so ORDERED this 11th day of May 2001.
 ___________________, J. MICHAEL R. SHELDON