**SAM REISFELD & SON IMPORT COMPANY, Plaintiff-Appellant,**

v.

**S. A. ETECO et al., Defendants-Appellees.**

No. 74–4182.

United States Court of Appeals, Fifth Circuit.

April 26, 1976.

Rehearing Denied June 2, 1976.

Marian M. Berkett, New Orleans, for plaintiff-appellant.

Cicero C. Sessions, Robert E. Barkley, Jr., New Orleans, La., J. Edward Meyer, III, New York City, for defendants-appellees.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

CLARK, Circuit Judge:

This is an appeal from the district court's order staying a portion of Reisfeld's action pending arbitration of the issues in Coutrai, Belgium. Reisfeld's principal complaint centers on the situs selected for arbitration of disputes arising under its 1960 contract with S.A. Eteco. Finding no legal impediment to enforcement of any portion of the arbitration clause, we affirm the district court's order.

For over 35 years, the New Orleans firm of Reisfeld & Son acted as the exclusive sales representative for S.A. Eteco, a sales subsidiary of a large Belgium wire products manufacturer. In 1960, Reisfeld and Eteco executed a written agency contract containing an arbitration clause which required all disputes to be settled by arbitration in Coutrai, Belgium. Twelve years later, Eteco notified Reisfeld that it was terminating the arrangement and subsequently began distributing its products directly through a new sales office in the United States. In response to this cancellation, Reisfeld sued Eteco for breach of contract. Additionally, Reisfeld asserted a tort claim arising from misuse of confidential customer information and alleged antitrust violations based on refusals to deal, conspiracy to boycott and attempted monopolization against Eteco, Eteco's successor (N.V. Bekaert Overseas) and Eteco's parent corporation (N.V. Bekaert, S.A.). When defendants moved to dismiss for lack of jurisdiction, the court treated the motion as one seeking a stay pending arbitration. After receiving written affidavits from both sides, the court stayed all but the antitrust claims.

In this court, Reisfeld reurges its contention that the forum chosen for arbitration is so unreasonable that it either vitiates the arbitration clause altogether or requires transfer to a more neutral situs. While conceding that "unreasonableness of situs" has not been traditionally recognized as cause to cancel or modify an arbitration clause, Reisfeld attempts to extend the rules relating to forum-selection clauses to the arbitration area. Principal reliance is placed on the Supreme Court's decision in *M/S Bremen v. Zapata Offshore Co.,* 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), an admiralty case which held that forum-selection clauses in international agreements should be enforced unless found to be unreasonable under the circumstances. Applying the *Bremen* standard, Reisfeld classifies Coutrai as an unreasonable forum, pointing to defendants' economic dominance in the area and the inconvenience and expense Reisfeld would encounter if forced to arbitrate in this forum which is both remote and foreign in language.

Reisfeld's attack falters on its initial premise that the *Bremen* unreasonableness test is applicable to arbitration clauses. Rather, we agree with the district court that the enforceability of the arbitration clause at issue is governed exclusively by the explicit provisions of

the Federal Arbitration Act. 9 U.S.C. §§ 1–14. Under the Act, a party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud, coercion, or "such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2; *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.,* 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967). This stringent standard has not been modified by the Supreme Court's recent decision in *Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). The Court in *Scherk* upheld a stay pending arbitration even though the plaintiffs asserted a claim under the federal securities law. The references to *Bremen* in that case were made to emphasize the Court's rejection of a provincial approach in favor of the policy of giving effect to the agreement of the parties in international transactions, not to incorporate the *Bremen* standards wholesale to situs selections in arbitration clauses. If anything, *Scherk* strengthens defendants' position by insisting upon liberal enforcement of arbitration clauses in multi-national contexts. Since *Bremen* is inapplicable, the district court did not need to reach the question of whether the selection of Coutrai was unreasonable under the circumstances here presented.

■■ The only remaining issues concern the scope of the stay order and the severance of the antitrust claims. The district court correctly concluded that the antitrust claims should proceed to trial since such claims are generally not arbitrable. *Cobb v. Lewis,* 488 F.2d 41 (5th Cir. 1974). At the same time, the court found no obstacle to simultaneously referring the remaining claims to arbitration as such "would not require the arbitrators to resolve any important legal or factual issues relating to the antitrust claims." We find no abuse of discretion in the court's refusal to allow Reisfeld's conclusory antitrust allegations to operate to defeat arbitration of the major part of this case. *See Buffler v. Electronic Computer Programming Institute, Inc.,* 466 F.2d 694, 700 (6th Cir. 1972). Similarly, we hold that the trial court had discretion to include Eteco's parent and successor corporations in its stay order, even though they were not formally parties to the 1960 contract. The charges against these two defendants were based on the same operative facts and were inherently inseparable from the claims against Eteco. If the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted. *See Lawson Fabrics, Inc. v. Akzona, Inc.,* 355 F.Supp. 1146 (S.D.N.Y.), *aff'd,* 486 F.2d 1394 (2d Cir. 1973).

Affirmed.