**OLSHER METALS CORP.**

v.

**M/V AGIOS ANDREAS, et al.**

**No. CIV. A. 96–0011.**

United States District Court,
E.D. Louisiana.

Oct. 31, 1997.

der the terms of the agreement between the owner and the charterer, any disputes between the parties were to be arbitrated in London. The charterer subsequently entered into a subcharter with the plaintiff, Olsher Metals. Under the terms of this agreement, any disputes between the charterer and the plaintiff were to be arbitrated in New York. The plaintiff's steel coils were shipped aboard the AGIOS and were allegedly damaged in transport.

Plaintiff filed suit against the owner and the charterer. The owner has cross-claimed against the charterer. Both the owner and charterer have moved to stay all proceedings in this matter pending completion of arbitration. Plaintiff agrees that its claims against the charterer should be stayed pending arbitration of its claims against the charterer. However, plaintiff argues that because it was not a party to the agreement between the charterer and the owner, it is not bound by that agreement's mandatory arbitration clause, and thus that it should be allowed to litigate its claim against the owner in this Court.

Plaintiff is correct that "arbitration is a matter of contract and cannot be compelled without agreement." *Cargill Ferrous Int'l v. M/V Anatoli*, 935 F.Supp. 833, 837 (E.D.La.1996). Plaintiff is not bound by the owner/charterer agreement, and can not be forced to arbitrate its claims against the owner. The question for this Court, however, is whether plaintiff's suit against the owner can be allowed to proceed in the face of arbitration clauses in both the relevant agreements in this matter.

In support of its position, plaintiff points to the finding in *Anatoli* that "the goal of ensuring judicial enforcement of privately made agreements to arbitrate is not advanced by forcing a party that has not agreed to arbitrate to delay litigation on its claims." 935 F.Supp. at 837. The Court wholeheartedly agrees. However, in *Anatoli*, the plaintiff did not ship its cargo pursuant to any arbi-

Mary Campbell Hubbard, Eric P. Halber, Rice, Fowler, Kingsmill, Vance, Flint & Rodriguez, New Orleans, LA, for Olsher Metals Corp.

Ethel Carroll Rogers, Murphy, Rogers & Sloss, New Orleans, LA, for Kara Andreas MV, Stakomo Shipmanagement, S.A.

Robert J. Barbier, Terriberry, Carroll & Yancey, New Orleans, LA, for Unishipping.

Terrence C. Forstall, Philip S. Brooks, Jr., Courtnay, Forstall, Hunter & Fontana, New Orleans, LA, for Midwest Marine Management Co.

Robert J. Barbier, Evens Martin McLeod, Terriberry, Carroll & Yancey, New Orleans, LA, for Alentin Shipping Services.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court are motions by defendants Kara Seal Shipping Co., Ltd., Stakomo Shipmanagement, S.A., Alentin Shipping Services, and Unishipping to stay all litigation in this matter pending arbitration. For the reasons set forth below, defendants' motions are HEREBY GRANTED.

The facts in this matter, for purposes of the issue before the Court, are not in dispute. Kara Seal and Stakomo Shipmanagement (collectively "the owner") chartered their boat, the M/V AGIOS ANDREAS ("the AGIOS") to Alentin Shipping Services and Unishipping (collectively "the charterer").[1] Un-

[1] Whether Kara Seal and Stakomo as the owners, and Alentin and Unishipping as the charterer, can or should be treated as single entities may be of import in the final resolution of this dispute. However, for purposes of this motion, the Court can refer to them as "owner" and "charterer."

tration-forcing agreement. In the present matter, the agreement under which plaintiff shipped its cargo did mandate arbitration. The equities are far different in a case where the stay would force a party that had never agreed to arbitration to wait while other parties arbitrated a separate dispute, and in this matter, where the effect of the stay will simply ensure that a party that had agreed to arbitration is held to that agreement.

Plaintiff also points to *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.* in support of its position. 761 F.2d 198 (5th Cir.1985). The Court concurs that where a party did not agree to any arbitration provision, the party seeking a stay bears a "heavy burden ... close to genuine necessity" to force a stay. *Id.* at 203, n. 6. However, the facts are easily distinguishable. The plaintiff in *Coastal* did not ship its cargo under any arbitration clause. It faced an "extraordinary delay," and the threat of being "tabled indefinitely" if its claim were stayed pending arbitration between other parties. *Id.* Furthermore, the *Coastal* plaintiff was attempting to litigate a claim that would be "largely if not wholly unaffected by the outcome of the arbitration." *Id.* at 204. In the matter now before the Court, plaintiff did contract for arbitration. Plaintiff has shown no such delay, and any delay relevant to arbitrating its claims is only that delay for which it expressly contracted. And most important, any decision the Court reaches on the merits of plaintiff's claim will not only affect, but may have a res judicata effect on some if not all of the claims that by contract should proceed to arbitration.

In reaching a decision regarding plaintiff's claims against the owner, the Court would need to decide on the quantum of plaintiff's damages. This decision would bind the charterer. In deciding liability, the Court would need to consider the charter's actions, and make findings of fact and law. Thus, were the Court to litigate plaintiff's claim against the owner, it would likely moot or severely prejudice two contracted-for arbitration proceedings. This Circuit has cautioned against forcing a party to try a case when "arbitration proceedings would be rendered meaningless and the federal policy in favor of

arbitration effectively thwarted." *Sam Reisfeld & Son Import Co. v. S.A. Eteco,* 530 F.2d 679, 681 (5th Cir.1976). Denying a stay in this matter would not just render one arbitration proceeding meaningless, as in *Reisfeld,* but two. It would allow a plaintiff, who shipped his cargo pursuant to an agreement requiring arbitration of disputes, to make what would functionally be an end run around his duty to arbitrate his claim. The court is not willing to override the provisions of two contracts.

For the above reasons, defendants' motions to stay litigation pending arbitration is HEREBY GRANTED. Therefore, the above captioned matter is STAYED pending the outcome of arbitration and CLOSED for statistical purposes. Any party may re-open the case upon its own motion once arbitration has been completed.