**BAYOIL SUPPLY AND TRADING OF BAHAMAS, Plaintiff,**

v.

**JORGEN JAHRE SHIPPING AS, et al., Defendant.**

No. Civ.A. G–97–719.

United States District Court,
S.D. Texas,
Galveston Division.

May 4, 1999.

692

Ted C Litton, Royston Rayzor Vickery and Williams, Houston, TX, mediator.

Francis I Spagnoletti, Spagnoletti & Assoc, Houston, TX, for Bayoil Supply and Trading of Bahamas, plaintiff.

William A Durham, Eastham Watson et al, Houston, TX, Thomas M Stanley, Eastham Watson Dale & Forney, Houston, TX, for Jorgen Jahre Shipping AS (Jorgen), defendant.

William A Durham, Eastham Watson et al, Houston, TX, Thomas M Stanley, Eastham Watson Dale & Forney, Houston, TX, for Jahre Dahl Bergesen, Jahre Dahl Bergesen As, defendant.

William A Durham, Eastham Watson et al, Houston, TX, for Jahre–Wallem AS, defendant.

## ORDER DENYING DEFENDANT'S MOTIONS TO QUASH SERVICE OF PROCESS AND STAY PENDING ARBITRATION

KENT, District Judge.

Plaintiff in this case brings suit against Defendant Jorgen Jahre Shipping AS for fraud, misrepresentation, and negligence. Now before the Court are Defendant's Motions to Quash Service of Process and Stay Pending Arbitration. For the reasons set forth below, Defendant's Motions are each **DENIED.**

## I. FACTUAL SUMMARY

In mid to late 1997, Plaintiff Bayoil Supply and Trading ("Bayoil") began negotiating with Defendant Jorgen Jahre Shipping AS ("Jorgen Jahre") to enter into a charter party for the voyage charter of the M/V JAHRE VENTURE, a Norwegian flag vessel, by which the vessel would carry a cargo of oil from Iraq to Galveston. Defendant Jorgen Jahre at the time was the vessel manager of the JAHRE VENTURE.

During the course of negotiations, Defendant Jorgen Jahre apparently made assertions with respect to the vessel's seaworthiness and speed, among other things, that were satisfactory to Plaintiff. Plaintiff then entered into a tanker voyage charter party with Dronning Shipping Co. ("Dronning"), the owner of the JAHRE VENTURE. Under the terms of the charter, Plaintiff and Dronning agreed, in relevant part, that Dronning would arrive at the loading port in Iraq between August 18 and 20, 1997; employ "due diligence" to make the JAHRE VENTURE seaworthy at the inception of the voyage; and perform the voyage from Iraq to the Gulf of Mexico at an average minimum speed of 13 knots, weather conditions permitting. The charter also included an arbitration clause that required arbitration of any "differences and disputes" between vessel owners and charterers.

Ultimately, the JAHRE VENTURE, operated by Defendant Jorgen Jahre, undertook the voyage. The voyage proved disastrous from Plaintiff's point of view. First, the vessel's steam engines failed, requiring the vessel to lay over for several days during the voyage for repairs. Second, the vessel failed to maintain the required speed throughout the voyage. These problems resulted in the vessel's late arrival at Galveston. Third, the vessel's cargo carrying and handling capacities proved insufficient for the proper transportation of the cargo.

Plaintiff, obviously unhappy with the voyage, paid the vessel's owner, Dronning, but deducted more than $1.1 million from the amount Dronning submitted in its freight invoice. The amount of Plaintiff's deductions represented among other costs—losses on third party contracts, overtime for lighterage vessels, undelivered cargo, and time value of the money lost because of the vessel's delay. Meanwhile, on December 23, 1997, Plaintiff filed suit in this Court against Defendant Jorgen Jahre, alleging negligence and misrepresentation. The suit has proceeded haltingly since that time, with discovery commencing in earnest in early 1999.

In December 1998, Owner Dronning initiated arbitration proceedings against Plaintiff pursuant to the charter between the two parties, seeking to recover the amount of unpaid freight and demurrage. Plaintiff appointed a second arbitrator in early January 1999. A third arbitrator has been appointed. The first hearing was scheduled for April 29, 1999.

## II. ANALYSIS

Defendant Jorgen Jahre has filed two Motions. First, Defendant asks that service of process be quashed for insufficiency as Plaintiff has not complied with the procedures set forth in the Convention on Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 (Hague Convention) [1969], 20 U.S.T. 361, T.I.A.S. No. 6638. Second, Defendant asks that this action be stayed pending arbitration. The Court will address each of these Motions in turn.

■ Article 1 of the Hague Convention provides that the Convention applies in all cases "where there is occasion to transmit a judicial or extrajudicial document for service abroad." If the Hague Convention is applicable, its provisions preempt inconsistent methods of service prescribed by state law. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 699, 108 S.Ct. 2104, 2107–08, 100

L.Ed.2d 722 (1988). "Service" as used in the Hague Convention refers to "a formal delivery of documents that is legally sufficient to charge the defendant with notice of a pending action." *Id.* at 700, 108 S.Ct. at 2108. Sufficiency of delivery is measured by the law of the forum state. *Id.* Section 17.043 of the Texas long-arm statute provides for service of a nonresident for acts arising from the nonresident's business in Texas. *See* Tex.Civ.Prac. & Rem.Code Ann. § 17.043. If service is made pursuant to § 17.043, a copy of the process and notice of service must immediately be mailed to the nonresident or the nonresident's principal place of business. *See* Tex.Civ.Prac. & Rem.Code Ann. § 17.045. Because Defendant is a foreign resident, notice must be mailed abroad, triggering the requirements of the Hague Convention.

■ Articles 2 and 3 of the Hague Convention require signatory countries to designate a central authority to receive requests for service, and require that a request for service of judicial documents and the documents to be served be forwarded to the central authority. In this case, the relevant central authority is the Norwegian Ministry of Justice in Oslo, Norway. Defendant argues that by serving process with the Texas Secretary of State and sending a copy of the process directly to Defendant rather than by forwarding those documents to Oslo, Plaintiff has failed to comply with the Hague Convention. As a consequence, Defendant argues, Plaintiff's service of process is ineffective and should be quashed.

The Court is unpersuaded that it should take the action requested by Defendant. Plaintiff has taken all the necessary steps to effect service of process upon Defendant. Specifically, Plaintiff has filed process with the Texas Secretary of State and requested that the Secretary forward the documents to Oslo. Thus, Plaintiff has already done precisely what Defendant asks the Court to order Plaintiff to do. Defen-

dant's Motion to Quash Service of Process is accordingly **DENIED** as moot.

■ The Court next examines Defendant's argument that it should stay this action pending arbitration. Defendant concedes that it is not a party to the arbitration agreement entered into between Plaintiff and the owner of the JAHRE VENTURE, Dronning. Consequently, the Federal Arbitration Act, which covers the enforceability of arbitration agreements with respect to parties to those agreements, *see* 9 U.S.C. § 3, does not compel arbitration in this case. *See Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.,* 761 F.2d 198, 203 n. 6 (5th Cir.1985) (*citing Life of Am. Ins. Co. v. Aetna Life Ins. Co.,* 744 F.2d 409, 413 (5th Cir.1984); *Nederlandse Erts–Tankersmaatschappij v. Isbrandtsen Co.,* 339 F.2d 440, 441 (2d Cir.1964)); *Olsher Metals Corp. v. M/V AGIOS ANDREAS,* 982 F.Supp. 402, 403 (E.D.La.1997) (*quoting Cargill Ferrous Int'l v. M/V ANATOLI,* 935 F.Supp. 833, 837 (E.D.La.1996)) ("[A]rbitration is a matter of contract and cannot be compelled without agreement."). However, Defendant argues that the Court should employ its discretionary power to control its docket to stay this action.

■ Absent statutory authorization, the moving party bears a heavy burden to show why a stay should be granted. *See Coastal,* 761 F.2d at 203 n. 6 (*citing Nederlandse,* 339 F.2d at 442). In fact, a court should grant a discretionary stay only upon the showing of "something close to genuine necessity." *Id.* Here, Defendant argues that a stay is necessary because Plaintiff's claims and the primary issues are the same as those in the pending arbitration; the resolution of the disputes in arbitration will avoid the possibility of conflicting or duplicative results; and a stay would lessen the burden on this Court's docket. These arguments do not reach the level of necessity required to justify a stay.

While the issues in this action and the pending arbitration are similar, they are not identical. Plaintiff's claims against Defendant sound in tort rather than contract, which provides the framework for the pending arbitration. Plaintiff alleges that Defendant engaged in fraud and misrepresentation and was negligent in the operation of the JAHRE VENTURE. These claims do not involve issues of contract construction.

Despite the different issues in these two actions, Defendant argues that there are enough similarities between them that this lawsuit should be stayed. In support of that argument, Defendant cites *Lucky Metals Corp. v. M/V AVE,* 1996 A.M.C. 265 (S.D.N.Y.1995). In that case, the district court stayed a lawsuit between a cargo owner and the technical manager of the cargo vessel, which had not been a party to the arbitration agreement between the cargo owner and the time charterer. *Id.* at 270. However, the present case is distinguishable for at least two reasons. First, Plaintiff clearly has alleged different claims in this action than will be at issue in the arbitration. In *Lucky Metals,* the plaintiffs sought essentially the same relief in the arbitration that they sought in their complaint. *Id.* at 266 n. 2. Second, the plaintiffs in *Lucky Metals* initiated arbitration proceedings themselves four days before filing their lawsuit; the defendants merely sought a stay so that they could be added to the arbitration proceedings already in motion. *Id.* In this case, Plaintiff's lawsuit had been pending for almost a year before the owner of the JAHRE VENTURE began arbitration proceedings. Parties have already engaged in discovery, and this Court has referred them to mediation. Because this case is distinguishable, the Court does not find Defendant's argument persuasive. Clear differences exist among the issues constituting this action and the pending arbitration. For that reason, Defendant's attempted characterization of the two as substantially similar does not support a stay of proceedings.

Defendant also argues that a stay will help avoid the possibility of conflicting or

duplicative results and lead to a more efficient resolution of this controversy. However, the facts do not support Defendant's arguments. Defendant focuses much of its argument on the inefficiencies created by its having to prepare witnesses, exhibits, and arguments for both this action and the arbitration. In addition, Defendant argues that inconsistent results in these proceedings could harm its interests. These arguments ignore the fact that Defendant is not a party to the pending arbitration. Consequently, the concerns raised by Defendant are immaterial to the Court's analysis. The possibility of conflicting or duplicative results and the potential for inefficient resolution of these disputes thus do not favor the issuance of a stay in this action.

Finally, Defendant argues that issuing a stay will lessen the burden on the Court's docket. The Court acknowledges that it has a heavy civil docket and appreciates Defendant's concern in that regard. However, the Court feels that it is the best judge of what it can or cannot accomplish with respect to its docket. The Court concludes that docket conditions do not support the issuance of a stay in this action.

For those reasons, the Court finds that Defendant has failed to meet the heavy burden required to show why a stay should be granted in favor of pending arbitration to which it is not a party. Accordingly, Defendant's Motion to Stay Pending Arbitration is **DENIED.**

### III. CONCLUSION

For the reasons set forth above, Defendant's Motion to Quash Service of Process is **DENIED.** Similarly, Defendant's Motion to Stay Pending Arbitration is **DENIED.** The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date.

**IT IS SO ORDERED.**