BAYOIL, S.A.

v.

**POLEMBROS SHIPPING LIMITED**
and Polembros Shipping, Ltd.

No. Civ.A. G–99–763.

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 11, 2000.

Ted C. Litton, Royston Rayzor Vickery and Williams, Houston, TX, mediator pro se.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for Bayoil S.A., plaintiff.

Charles F. Herd, Jr., Rice Fowler, Houston, TX, Michael G. Chalos, Charles S. Cumming, The Chalos Law Firm, Oyster Bay, NY, for Polembros Shipping Limited, defendant.

Charles F. Herd, Jr., Houston, TX, Michael G. Chalos, Charles S. Cumming, The Chalos Law Firm, Oyster Bay, NY, for Polembros Shipping Ltd., defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS, STRIKING DEFENDANTS' DEFENSES OF LACK OF PERSONAL JURISDICTION AND FORUM NON CONVENIENS, AND DENYING DEFENDANTS' MOTION TO STAY PENDING ARBITRATION

KENT, District Judge.

This is an admiralty case in tort, claiming negligent misrepresentation, the utterance of false and misleading statements, negligent operation of a vessel, and negligent hiring, training, and supervision of officers and crew of a vessel.

Defendants have three pending motions in this case: a Motion to Dismiss for Lack of Personal Jurisdiction, a Motion to Dismiss for Forum Non Conveniens, and a Motion to Stay Pending Arbitration. In response, Plaintiff has filed a Motion for Sanctions, or in the Alternative, Motion for Continuance. For the reasons stated in more detail below, Plaintiff's Motion for Sanctions is **GRANTED.** As a result, Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and Motion to Dismiss for Forum Non Conveniens are **STRICKEN,** and Defendants' Motion to Stay Pending Arbitration is **DENIED.**

### I. Background

Plaintiff, Bayoil, is an oil trading company that had agreed to purchase oil from Iraq under the United Nations Humanitarian Oil Sales Project. On December 13, 1996, Plaintiff executed a Tanker Voyage Charter Party with Seawind Tankers Corporation, not a party to this action, engaging the VLCC LEONIDAS to bring crude oil from Iraq to either the Gulf of Mexico or the Caribbean. According to Plaintiff, the commercial managers of the VLCC LEONIDAS, Defendants Polembros Shipping Ltd. ("PSL(UK)") and Polembros Maritime Limited ("PSL(Lib)"), had, prior to the Plaintiff's entering into the Charter Party, represented to Plaintiff that the vessel would be able to sail at a speed of eleven knots, and that the vessel had not suffered a breakdown within the five months prior to the voyage. Plaintiff claims that

such representations were false and misleading, and that Bayoil reasonably relied on such statements in deciding to enter into the Charter Party.

After picking up the oil cargo, the VLCC LEONIDAS suffered a failure of the port main engine coupling. As a result, the vessel was not able to maintain any significant speed. The delivery of the cargo was thereby delayed, and Plaintiff's customers refused to accept delivery of the oil at the time the cargo was now, as result of the engine malfunction, expected to arrive. The cargo was eventually discharged in South Africa. Plaintiff claims that it was forced to sell the oil at "fire sale prices" as a result of what it alleges to be negligent operation of the vessel and ongoing misrepresentations concerning the status of the vessel by Defendants.

Plaintiff refused to pay Seawind who thus filed a demand for arbitration in London. The Charter Party agreement between Bayoil and Seawind contained a provision for arbitration. Bayoil answered the demand, thereby submitting to the jurisdiction of the London arbitration, and filed its own complaints. The arbitration has been ongoing in London since early 1997. On August 15, 1997, the arbitrators awarded an Interm Final Award for $1,146,663.58 together with interest at the rate of 7.5% from March 9, 1997, in favor of Seawind.

On November 2, 1998, Plaintiff filed a previous suit in this Court against Polembros Maritime Co., Ltd (PMCL) (C.A.G–98–554). PMCL was dissolved during the pendency of the litigation. The action was dismissed by the Plaintiff because it became apparent from witnesses who were now officers of PSL (Lib) that PMCL had not been involved in the chartering, marketing, or operation of the vessel. Then on December 13, 1999, Plaintiff filed the present action in this Court against Defendants PSL(UK), a company organized and doing business in London, and PSL(Lib), a Liberian company with offices in Greece. PSL(UK) performed management for the VLCC LEONIDAS during the voyage in question. PSL(Lib) was not in existence at the time of the incident, but performs much of the work performed by PSL(UK) and has assumed the management and operational duties of PSL(UK).

## II. Analysis

### A. Plaintiff's Motion for Sanctions

The Plaintiff asks the Court to strike Defendants' defenses because "documents were not produced and [Defendants] lied." More specifically, Plaintiff claims that Defendants should be sanctioned for: (1) shredding documents related to the movement of vessels, thereby preventing the Court from evaluating Defendants' three Motions, (2) destroying the vessel which is the subject of the lawsuit, and (3) making false and misleading statements during discovery. In the alternative, Plaintiff asks that the Court grant a continuance so that it may respond to Defendants' Motions.

This Court has the inherent power, as well as the authority expressly granted to it under the Federal Rules of Civil Procedure, to impose sanctions where warranted. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 46, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991) (finding "no basis for holding that the sanctioning scheme of the statute and the rules displaces the inherent power to impose sanctions"). Rule 37 of the Federal Rules of Civil Procedure provides that for failure to "obey an order to provide or permit discovery," a Court may "make such orders in regard to the failure as are just." Fed. R.Civ.P. 37(b). The actions a Court may take include issuing "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order." Fed.R.Civ.P. 37(b)(2)(A). A Court may also issue "[a]n order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or dismissing the action or proceeding or any part thereof, or rendering a judgement by default against the disobedient party." Fed.R.Civ.Pro. 37(b)(2)(c). It is not unconstitutional for a Court to deem personal jurisdiction as established under Rule 37. *See Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694,

701–05, 102 S.Ct. 2099, 2103–05, 72 L.Ed.2d 492 (1982) (holding that the personal jurisdiction requirement stems from the due process clause and as such may be waived). A Court has wide discretion to impose sanctions under Rule 37. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2282 (1994). Appellate review of Court sanctions is narrow. *See Baker v. G.M. Corp.*, 86 F.3d 811, 815–16 (8th Cir.1996), *rev'd on other grounds*, 522 U.S. 222, 118 S.Ct. 657, 139 L.Ed.2d 580 (1997), *vacated*, 138 F.3d 1225 (8th Cir.1998).

■ For the Court to impose sanctions under Rule 37, however, there must be a violation of a discovery order. *See* Wright Arthur R. Miller & Richard L. Marcus, *supra*, § 2284; *Lillie v. U.S.*, 40 F.3d 1105, 1109 (10th Cir.1994); *Bashir v. National R.R. Passenger Corp.*, 929 F.Supp. 404, 412 (S.D.Fla.1996). Apart from the Rules, the Court has the inherent power to issue sanctions, but such power "must be exercised 'with restraint and discretion.'" *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir.1993) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980)). Under its inherent power, a Court may impose the sanctions of striking a defense or deeming a fact as established when "a preponderance of the evidence establishes that a party's misconduct has tainted the evidentiary resolution of the issue." *Shepherd v. American Broad. Co., Inc.*, 62 F.3d 1469, 1478 (D.C.Cir.1995) (holding that unlike "punitive sanctions," such as dismissal, which require a showing of extraordinary misconduct by clear and convincing evidence, "issue related sanctions" require a lesser showing). *See also Marrocco v. General Motors Corp.*, 966 F.2d 220, 225 (7th Cir.1992) (employing the term "issue related sanction").

In this case, there has been no specific discovery order. Thus, there can be no sanction under Rule 37 which deals specifically with discovery orders. Any sanction in this case must stem from the Court's inherent power to issue sanctions.

■ Plaintiff's first basis for sanctions involves the destruction of documents. Plaintiff claims that Defendants shredded documents concerning their operations for the last five years, including invoices, pay receipts, correspondences, charters, telexes, facsimiles, contracts, and other commercial documents. Such documents are relevant to the issue of personal jurisdiction, according to the Plaintiff, because they show the Defendants' contacts with the Texas and the United States as a whole. Plaintiff notes that the Defendants have not produced one substantive document evidencing their business in the United States. Instead, Defendants have produced a computer generated chart of vessel movements since 1993. The chart was allegedly generated from the documents which were destroyed.

■ Defendants concede that documents were shredded, but claim that such action was a purely business decision, not related to any impending litigation. They point out in addition that such action was taken prior to the institution of the present action. Ordinarily, it would seem suspicious for all documents to be destroyed at one time. However, the documents in this case were destroyed when PSL(UK) moved operations to the newly formed PSL(Lib). PSL(UK) forwarded only "running files" to the new company. Defendants claim that at the time, they made the purely business decision to discard the old documents. Nevertheless, whether or not there is a business justification for destroying documents, it is sanctionable to destroy documents when a party "is on notice that documents and information in its possession are relevant to litigation, or potential litigation, or are reasonably calculated to lead to the discovery of admissible evidence." *ABC Home Health Serv., Inc. v. IBM Corp.*, 158 F.R.D. 180, 182 (S.D.Ga. 1994) (quoting *William T. Thompson Co. v. General Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D.Cal.1984)). Furthermore, it makes no difference that the documents were shredded prior to the institution of this action. The documents were destroyed after Bayoil brought suit against PMCL. Being that a ship under Defendants' management carrying oil for Plaintiff broke down, that there had been an ongoing arbitration

in London concerning the incident, and that a company with overlapping officers had been mistakenly sued in this Court for this incident, Defendants clearly were on notice that litigation was imminent. Notice does not have to be of actual litigation, but can concern "potential" litigation. *See IBM*, 158 F.R.D. at 182. Otherwise, any person could shred documents to their heart's content before suit is brought without fear of sanction. The Court finds that the shredding of these documents supports sanctions in the form of striking Defendants' personal jurisdiction and forum non conveniens defenses.

■ The Plaintiff's second basis for sanctions involves the sale of the VLCC LEONIDAS. Plaintiffs claim that the vessel was scrapped by the Defendants with an eye toward hindering litigation. Defendants contends that the vessel was sold for commercial reasons, and that the sale occurred prior to the institution of this action, by the owner of the vessel, Seawind, not by Defendants. In any case, even if the Court were to find that such action was taken to thwart litigation, such action would not support the sanction of striking the defenses mentioned as the vessel's condition is not relevant to personal jurisdiction, forum nonconveniens, or staying the action.

■ Plaintiff's final basis for sanctions is that some witnesses have lied or failed to disclose material information. Plaintiff brings to the Court's attention the fact that some of the witnesses responded "I don't know" even in response to their own signed declarations. Deposition of George Vakirtzis at 89–90. Of particular concern to the Court is the deposition testimony of Mr. Vakirtzis, regarding his own signed declaration. The declaration stated that his company "does not send any employees to Texas to conduct business, except." Deposition of Vakirtzis at 87. When asked what was to follow the word "except," Mr. Vakirtzis initially responded "to attend a vessel." Deposition of Vakirtzis at 87. After counsel interjected "No, no. He wants to know any employees of Texas conducting business except, and then there is nothing," Deposition of Vakzistas at 87–88, Mr. Vakzistas then changed his answer, maintaining that "except" was a typographi-

cal error. Deposition of Vakzistas at 88–89. Such conduct appears to the Court as blatant witness coaching.

Plaintiff argues that another witness, Mr. Polemis, the sole shareholder of the PSL (UK), was untruthful when he testified that he was not involved with any companies having suits in the United States. Deposition of Adam Polemis at 45. Plaintiff presents evidence that Mr. Polemis is involved in a substantial action in New York.

Plaintiff also disputes the testimony of Mr. Vakirtzis that he could not recall if the United States Coast Guard ever boarded or detained any vessels operated by Polembros. Deposition of Vakirtzis at 97–100. Plaintiffs present evidence that Polembros is on the automatic boarding list because of frequent violations and detentions.

Plaintiff has proven by a preponderance of the evidence that Defendants have engaged in a pattern of obfuscatory, misleading, and untruthful conduct which supports striking their defenses of lack of personal jurisdiction and forum non conveniens. As this conduct does not touch on the issue of a stay pending arbitration, the Court does not strike the defense, but rules on it separately below.

B. *Defendants' Motion to Stay Pending Arbitration*

Although Plaintiff has not responded to Defendants' Motion to Stay Pending Arbitration and instead seeks a continuance, the Court will nevertheless deny said Motion to Stay.

■ Defendants seek to stay this case pending an ongoing arbitration in London involving Bayoil and Seawind, concerning the same incident involved in this case. Defendants are not parties to the arbitration in London, and not parties to the arbitration agreement. Thus, the Federal Arbitration Act does not compel arbitration. *See* 9 U.S.C. § 3; *Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 203 n. 6 (5th Cir.1985) (*citing Life of Am. Ins. Co. v. Aetna Life Ins. Co.*, 744 F.2d 409, 413 (5th Cir.1984); *Nederlandse Erts–Tankersmaatschappij v. Isbrandtsen Co.*, 339 F.2d 440, 441 (2d Cir.1964)); *Bayoil Supply and Trad-*

*ing of Bahamas v. Jorgen Jahre Shipping,* 54 F.Supp.2d 691, 694 (S.D.Tex.1999) (Kent, J.); *Olsher Metals Corp. v. M/V AGIOS AN-DREAS,* 982 F.Supp. 402, 403 (E.D.La.1997) (*quoting Cargill Ferrous Int'l v. M/V ANA-TOLI,* 935 F.Supp. 833, 837 (E.D.La.1996)) ("[A]rbitration is a matter of contract and cannot be compelled without agreement.").

 However, even when not bound to stay by the Federal Arbitration Act, a District Court may nevertheless stay a matter pending arbitration as a matter of discretion to control its docket. *See Coastal,* 761 F.2d at 203 n. 6. However, for such a stay, "something close to genuine necessity should be the mother of its invocation." *Id.* No such necessity exists in this case. Defendants are not parties to the arbitration in London, and seem not to have any connection to it. There does not seem to be any way that the present litigation could affect the arbitration in London which has already yielded an award. *See Subway Equipment Leasing Corp. v. Forte,* 169 F.3d 324, 329 (5th Cir.1999) (staying claims so as to avoid adversely affecting a party's right to arbitrate). Defendants cite *Sam Reisfeld & Son Import Co. v. Eteco,* 530 F.2d 679 (5th Cir. 1976), in which the Court of Appeals allowed a District Court to stay matters pending arbitration even though the litigants were not parties to the arbitration agreement, where the charges against the defendants were based on the same operative facts and claims in the arbitration. Defendants argue the Court should impose a stay here because the London arbitration has the same operative facts and issues.

*Eteco,* however, is not directly on point. In *Eteco,* the Court of Appeals allowed a Court to include a parent company and successor corporations in its stay pending arbitration when only the subsidiary company was bound to arbitration. The Court reasoned that "[i]f the parent corporation was forced to try the case, the arbitration proceedings would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted." *Id.* at 681. The case before this Court is different. The London arbitration involves the Plaintiff and Seawind Corporation, a company which is not related to Defendants as parent or subsidiary, or in any other formal way. Thus the factors which prompted the Court of Appeals in *Eteco* to allow the stay are not present here by any means.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Sanction is **GRANTED.** Defendants' defenses of personal jurisdiction and forum non conveniens are **STRICKEN.** Defendants' Motion to Stay Pending Arbitration is **DENIED.** The Court also reminds the parties that its Order Denying a Stay of Judicial Proceedings in this maritime action is not appealable. *See Texaco, Inc.,* 644 F.2d at 1154; *W.R. Grace & Co. v. Trawler Crustamar,* 571 F.2d 318, 319 (5th Cir.1978). **IT IS SO ORDERED.**