**AMERICAN HERITAGE LIFE INSURANCE COMPANY, First Colonial Insurance Company and Fidelity National Corporation, d/b/a Republic Finance, Inc. Plaintiffs**

v.

**Ellis B. LANG Defendant**

**No. 1:01CV344MA.**

United States District Court,
N.D. Mississippi,
Eastern Division.

July 16, 2002.

---

43. *Long,* 88 F.3d at 304, *citing* 42 U.S.C. § 2000e–3(a).

Beth L. Orlansky, McGlinchey Stafford, Jackson, MS, Rik S. Tozzi, Brian A. Dodd, Starnes & Atchison, LLP, Birmingham, AL, Robert T. Gordon, Jr., Heidelberg & Woodliff, Jackson, MS, for Plaintiffs.

Roman Ashley Shaul, Beasley, Allen, Crow, Methvin, Portis & Miles, PC, Montgomery, AL, for Ellis B. Lang, defendant.

## MEMORANDUM OPINION

MILLS, District Judge.

This cause comes before the Court on the defendants' motions [1] to compel the plaintiff to arbitrate his pending state court action against them. The Court has reviewed the briefs and exhibits and is prepared to rule.

The defendant is Ellis Lang, an illiterate Mississippi resident who is one of several plaintiffs in a separate action styled *Lin Wallace et al v. Fidelity National Corp. d/b/a Republic Finance, et al,* 4:01cv164 ("the Wallace suit"). The Wallace suit is currently before Judge Tom Lee in the Southern District of Mississippi. The plaintiffs in the case sub judice are American Heritage Life Insurance Company ("American Heritage"), First Colonial Insurance Company ("First Colonial") and Fidelity National Corporation d/b/a Republic Finance, Inc. ("Fidelity"). All of these plaintiff corporations are defendants in the Wallace suit.

The facts surrounding the Wallace suit are not relevant to the case sub judice.

---

1. There are actually two separate motions to compel arbitration. The first was filed by of American Heritage and First Colonial [9–1]. The second was filed by Fidelity [10–1]. The arbitration agreement itself is between Lang and Fidelity, and the other two plaintiff corporations rely on that agreement for their separate motion.

Suffice it to say that First Colonial and Fidelity are both trying to compel Lang to submit his claims under the Wallace suit to arbitration, as all of Lang's claims in the Wallace suit stem from loan agreements and insurance contracts he signed with them which contained arbitration agreements, as well as claims of breach of fiduciary duty arising from the same contractual relationships. Lang offers several arguments for why the arbitration agreement is not binding upon him, but the Court finds one [2] of those arguments to be dispositive: Lang's claim that the arbitration agreement is unconscionable due to his functional illiteracy.

### ANALYSIS

■ Congress provided in the Federal Arbitration Act ("FAA") that a written agreement to arbitrate in a contract involving interstate commerce "shall be valid, irrevocable and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1999). Section Four of the FAA specifically contemplates that parties aggrieved by another party's failure to arbitrate under a written contract may file a petition in a United States District Court to compel that party to arbitrate their claims. 9 U.S.C. § 4 (1999). In addition, the FAA expresses a strong federal policy in favor of arbitration, and any doubts concerning the scope of arbitration issues should be resolved in favor of arbitration. *Southland Corp. v. Keating*, 465 U.S. 1, 10, 104 S.Ct. 852, 857, 79 L.Ed.2d 1 (1984); *Mouton v. Metropolitan Life Ins. Co.*, 147 F.3d 453, 456 (5th Cir.1998).

■ The Fifth Circuit has directed courts to perform a two-step inquiry to determine whether parties 'should be compelled to arbitrate a dispute. *R.M. Perez & Assocs., Inc. v. Welch, et al.*, 960 F.2d 534, 538 (5th Cir.1992). First, the court must determine whether the parties agreed to arbitrate the dispute in question. This determination involves two considerations: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 257–58 (5th Cir.1996). Once the court finds that the parties agreed to arbitrate, it must then consider whether any federal statute or policy renders the claims nonarbitrable. *Perez*, 960 F.2d. at 538. In conjunction with this inquiry, a party seeking to avoid arbitration must allege and prove either that the arbitration provision itself was a product of fraud or coercion or that another ground exists at law or equity that would allow the parties' contract or agreement to be revoked. *Sam Reisfeld & Son Import Co. v. S.A. Eteco, et al.*, 530 F.2d 679, 680–81 (5th Cir.1976).

■ Also, a party must challenge the " 'making' of the agreement to arbitrate" itself to create a jury question, while allegations regarding the contract as a whole must go to arbitration. *Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 961 F.2d 1148, 1154 n. 9 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967)). *See also Haynsworth v. The Corporation*, 121 F.3d 956, 963 (5th Cir.1997)(holding that arbitration clauses are not rendered unenforceable by

---

2. Lang's initial argument challenges this Court's jurisdiction over the case, suggesting that *U.S. v. Lopez*, 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995) and its progeny undermine the FAA's presumption that arbitration clauses are valid. Without engaging in a lengthy analysis, the Court is fully satisfied that arbitration clauses in consumer loan agreements have a "substantial relation to commerce" sufficient to survive *Lopez* scrutiny.

allegations of fraud unless inclusion of arbitration clause itself was product of fraud or coercion).

The defendants do not dispute Lang's illiteracy, but argue simply that it has no bearing on the arbitrability of Lang's dispute. There is a dearth of case law dealing with this issue, but the case most directly on point is *American Security Insurance Company v. Lang*, 2002 WL 54021 (N.D.Miss. Jan. 2, 2002). In that case, Judge Davidson ruled that Ellis Lang (the same person as in the case sub judice) was not required to arbitrate his claims against American Security Insurance Company because of undisputed evidence that Lang was completely illiterate was never informed that he was signing an arbitration agreement. *American Security Insurance*, at *2. Consequently, Judge Davidson, applying *Prima Paint*, 388 U.S. at 403–04, 87 S.Ct. 1801, held that Lang's claims of fraudulent inducement went directly to the making of the arbitration agreement rather than the contract as a whole. *Id.*

■ The defendants attempt to distinguish *American Security Insurance* by the fact that undisputed facts in that case demonstrated that Lang was never informed that he was signing an arbitration agreement. Here, however, the evidence is disputed by an affidavit from Jimmy Taggart, the agent present when Lang signed the agreement. In this affidavit, Taggart claims that he explained the arbitration agreement to Lang and that Lang never said that he didn't understand or ask any questions about the arbitration agreement. The defendants argue that this factual dispute, combined with the statutory presumption in favor of arbitration, compels a ruling in their favor.

The Court disagrees. While there is a factual dispute over whether Taggart properly explained the arbitration agreement to Lang, the Court agrees with

Judge Davidson that under *Prima Paint* such a dispute itself is subject to adjudication by a court rather than an arbitrator.

ACCORDINGLY, the plaintiff's motion to compel arbitration is DENIED. Separate orders to that effect shall issue accordingly.

### *ORDERS*

Pursuant to the memorandum opinion issued this day, it is hereby ORDERED that:

1. The motion of American Heritage Life Insurance Company and First Colonial Insurance Company to compel arbitration [9–1] is DENIED;

2. The motion of Fidelity National Corporation d/b/a Republic Finance, Inc. to compel arbitration [10–1] is DENIED;

3. The remaining motions [16–1, 20–1] in this case are DENIED as being moot; and

4. This case is CLOSED.